**In the Matter of Jeffery Wayne LEGER and Debra Lynn Leger, Debtors.**

**COMMERCIAL SECURITIES CO., INC., Plaintiff,**

v.

**Jeffery Wayne LEGER and Debra Lynn Leger, Debtors,**

and

**L. C. Lyons, Co-Debtor, Defendants.**

**Bankruptcy Nos. 479–00084, 480–0018.**

United States Bankruptcy Court, W. D. Louisiana, Lake Charles Division.

June 25, 1980.

Ronald J. Bertrand, Lake Charles, La., for debtors, Jeffery Wayne Leger and Debra Lynn Leger.

Carla F. Chrisco, Lake Charles, La., for co-debtor, L. C. Lyons.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This cause came up for trial at Lake Charles, Louisiana, on May 29, 1980, upon the complaint of Commercial Securities Company, Inc. seeking relief from the stay against co-debtor.

## STATEMENT OF THE CASE

The Debtors, Jeffery Wayne Leger and Debra Lynn Leger, filed a voluntary petition in bankruptcy on December 6, 1979, under the provisions of Chapter 13 of the Bankruptcy Code. The Debtors' Plan was confirmed on February 11, 1980.

In their schedules, the Debtors list Commercial Securities Company, Inc. as a secured creditor and proposed to make payment to Commercial Securities Company, Inc. under the plan in the total sum of Two Thousand, One Hundred Ninety-one and 62/100 ($2,191.62) Dollars.

The secured claim of Commercial Securities Company, Inc. is based on a promissory note executed by the Debtors and co-signed by L. C. Lyons of 2501 Hazel Street, Lake Charles, Louisiana 70601.

The secured claim of Commercial Securities Company, Inc. is in the sum of Two Thousand, Eight Hundred Sixty-three and 04/100 ($2,863.04) Dollars, which represents the principal balance, together with unearned interest.

Counsel for both parties acknowledged that there was a difference between the sums proposed to be paid pursuant to the plan and the total claim of Commercial Securities Company, Inc. in the amount of Six Hundred Seventy-one and 42/100 ($671.42) Dollars.

Additionally, both counsel acknowledged that under the Chapter 13 Plan as confirmed, Debtors would be making payments pursuant to the plan after the note held by Commercial Securities Company, Inc. and co-signed by L. C. Lyons had matured.

The Debtors and L. C. Lyons have also filed a counter-claim against Commercial Securities Company, Inc. asking that Commercial Securities Company, Inc. be held in contempt of court for failure to obey a stay order and further seeking reasonable attorney fees to be set by the Court.

## FINDINGS OF FACTS

The following Findings of Facts are based on the schedules of the Debtors filed herein, the Proof of Claim filed by Commercial Securities Company, Inc., and the acknowledgement of the respective attorneys made in Open Court on May 29, 1980, at Lake Charles, Louisiana.

1. The voluntary petition in bankruptcy pursuant to Chapter 13 of the Bank-

720

ruptcy Code was filed on December 6, 1979.

2. The plan proposes to pay Commercial Securities Company, Inc. the sum of $2,191.62.

3. Commercial Securities Company, Inc. has filed a secured claim in this proceeding in the amount of $2,863.04.

4. The claim of Commercial Securities Company, Inc. is based on a promissory note executed by the Debtors herein and co-signed by L. C. Lyons.

5. There is a difference of $671.42 between the amount claimed by Commercial Securities Company, Inc. and the amount proposed to be paid pursuant to the plan by the Debtors.

6. The promissory note held by Commercial Securities Company, Inc. will mature prior to Commercial Securities Company, Inc. receiving full payment by the Debtors pursuant to the plan.

7. Commercial Securities Company, Inc. filed a "Complaint for Relief From the Stay Against Co-debtor" in this proceeding on April 24, 1980.

8. The amount in dispute, $671.42, represents unearned interest.

## CONCLUSIONS OF LAW

Section 1301(c) of the Bankruptcy Code provides:

"(c) On request of a party in interest and after notice and a hearing, *the Court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—*

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) *the plan filed by the debtor proposes not to pay such claim* ; or

(3) such creditor's interest would be irreparably harmed by such stay." (emphasis added)

Counsel for both parties acknowledge that the amount in dispute represents the unearned interest which had not been earned as of the date the Debtors filed their plan pursuant to Chapter 13 of the Bankruptcy Code.

Counsel for the Debtors and the Co-debtor argues that the co-signer, L. C. Lyons should be given the same protection as the Debtors under Chapter 13 and therefore, the Creditor, Commercial Securities Company, Inc., should have to rebate the unearned interest.

■ Section 1301 of the Bankruptcy Code does not give the co-signer the same protection as the Debtor under the Chapter 13 proceedings. The Court finds that the Creditor will have earned the interest in that his note will have matured prior to receiving payment in full pursuant to the plan.

Accordingly, pursuant to Section 1301(c)(2), the plan filed by the Debtors proposes not to pay the claim of Commercial Securities Company, Inc. in full.

■ For the foregoing reason, there will be judgment in favor of Commercial Securities Company, Inc. and against Debtors, Jeffery Wayne Leger and Debra Lynn Leger and L. C. Lyons, Co-debtor, modifying the stay which issued herein on December 6, 1979 to allow Commercial Securities Company, Inc. to proceed against the co-signor, L. C. Lyons, but only for the difference between the amount of their claim and the amount proposed to be paid pursuant to Chapter 13 plan, i. e., $671.42.

The rights of Commercial Securities Company, Inc. are reserved to further pursue the co-signor, L. C. Lyons, in the event the Chapter 13 should fail and/or be dismissed.

Having found in favor of the Creditor, Commercial Securities Company, Inc., the counter-claims of the Debtors and L. C. Lyons, Co-signor, are dismissed, all costs to be paid by the Debtors and L. C. Lyons.

## JUDGMENT

The Findings of Facts and Conclusions of Law having been entered by this Court on June 25, 1980, and the law found to be in favor of Commercial Securities Company,

Inc. and against the Debtors, Jeffery Wayne Leger and Debra Lynn Leger, and L. C. Lyons, Co-debtor; it is therefore:

ORDERED, ADJUDGED AND DECREED that the automatic stay which issued herein on December 6, 1979, be and the same is hereby modified to allow COMMERCIAL SECURITIES COMPANY, INC. to proceed directly against the Co-signor, L. C. LYONS, but only for the difference between its claim and the amount proposed to be paid pursuant to the Chapter 13 Plan, or the total sum of Six Hundred Seventy-one and 42/100 ($671.42) Dollars.

IT IS FURTHER ORDERED that the rights of Commercial Securities Company, Inc. to proceed against L. C. Lyons for the balance owed in the event that the Chapter 13 Plan should fail and/or be dismissed, are hereby reserved.

IT IS FURTHER ORDERED that the counter-claim of the Debtors, Jeffery Wayne Leger and Debra Lynn Leger, and L. C. Lyons, Co-debtor, be and they are hereby dismissed.

IT IS FURTHER ORDERED that all costs of these proceedings are to be paid by the Debtors, Jeffery Wayne Leger and Debra Lynn Leger and L. C. Lyons, Co-debtor.