**In re Joseph L. RONDEAU, Debtor.**

**FIRST PENNSYLVANIA BANK N. A., Plaintiff,**

v.

**Joseph L. RONDEAU, Ann Rondeau, Defendants.**

**Bankruptcy No. 80–00135G.**

**Adv. No. 80–0738G.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 5, 1981.

Leo Francis Doyle, Philadelphia, Pa., for plaintiff, First Pennsylvania Bank N. A.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant, Joseph L. Rondeau.

Richard A. Gallagher, Philadelphia, Pa., for defendant, Ann Rondeau.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented is whether the unsecured creditor is entitled to relief from the stay provided by § 1301(a) of the Bankruptcy Code ("the Code") to permit it to proceed against the codebtor. We conclude that the creditor is entitled to such relief.

The facts of the case are as follows:[1] Joseph L. Rondeau ("the debtor") filed a petition for an adjustment of debts under chapter 13 of the Code on January 18, 1980. First Pennsylvania Bank ("the bank") is the holder of an unsecured claim against the debtor for $535.60. Ann Rondeau ("the codebtor") is a co-borrower with the debtor having signed the written obligation to the bank and having received the consideration evidenced thereby. The debtor's chapter 13 plan does not propose to pay the claim of the bank in full. The bank has filed the instant complaint for relief from the stay provided in § 1301(a) of the Code.

Section 1301(a) provides:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

11 U.S.C. § 1301(a). The bank does not assert that either of the two exceptions stated above are applicable. Rather, it asserts that it is entitled to relief from the stay pursuant to § 1301(c) which provides:

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay.

11 U.S.C. § 1301(c).

At the trial of the instant complaint, the debtor admitted that his plan does not propose to pay the bank in full but only proposes to pay it and other unsecured creditors approximately 30% of their claims. Consequently, by the express terms of § 1301(c)(2), we must grant relief from the stay to permit the bank to proceed against the codebtor to the extent that its claim is not to be paid under the debtor's plan (about 70%).

One cannot help but feel a deep sense of regret at the financial plight in which the defendant finds herself. Once the wife of the debtor, she dutifully co-signed the note evidencing the debt *sub judice*. Now divorced from her former husband, she resides with their children who receive support contributed by the debtor. While the wife's counsel, citing no legal precedent, urges us not to grant the bank's complaint, we really have no discretion.

This is a hard case, and hard cases sometimes make bad law. Congress left us no opportunity to deny the bank the right to proceed against the co-signer of the debtor's note. In drafting the Code, it provided no exception for estranged, divorced or impoverished wives. Section 1301(c) clearly provides that "the court *shall* grant relief from the stay ... to the extent that ... (2) the plan filed by the debtor proposes not to pay such claim." (Emphasis ours).

Hence, to the extent that the debtor's plan will not liquidate the debt contracted by the debtor and his former wife, we have

no preoption but to follow the Congressional mandate and to grant the bank relief from the automatic stay to permit it to seek satisfaction from the co-signer of the loan of that portion of the debt which will not be paid under the plan. The bank's complaint must be granted.