**In re Benjamin Herman HENSON, Debtor.**

**WEST BENEFICIAL FINANCE, INC., Plaintiff,**

v.

**Benjamin Herman HENSON, Defendant.**

**Bankruptcy No. 2–80–03389.**
**Adv. No. 2–81–0160.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

June 19, 1981.

---

Joel H. Mirman, Columbus, Ohio for plaintiff West Beneficial Finance, Inc.

Robert H. Farber, Jr., Columbus, Ohio, for debtor and defendant, Benjamin Herman Henson.

Frank Pees, Worthington, Ohio, Trustee.

## OPINION AND ORDER ON COMPLAINT TO MODIFY STAY

R. J. SIDMAN, Bankruptcy Judge.

West Beneficial Finance, Inc. ("Beneficial") has filed a complaint against Benjamin Herman Henson ("Henson"), a debtor in a Chapter 13 proceeding pending in this Court. The Complaint seeks relief from the stay imposed by § 1301 of the Bankruptcy Code.

The Court makes the following findings of fact. Henson filed a petition under Chapter 13 of the Bankruptcy Code on September 12, 1980. A Chapter 13 plan was confirmed by this Court on November 17, 1980. The terms of the plan call for a $150.00 per month payment to the Chapter 13 trustee and payment of all secured and unsecured claims in full. Beneficial, formerly known as Capital Financial Services, Inc., No. 2, has filed its claim in this proceeding in the amount of $4,389.82, asserting a security interest in household goods and real estate allegedly owned by the debtor. Because this claim was not filed until after confirmation, it has not been allowed as a secured claim in this proceeding. See, *In re Remy*, 8 B.R. 40 (Bkrtcy., S.D. Ohio 1980). Further, it now appears that the real estate in question is not presently owned by the debtor (it was transferred to his ex-wife pursuant to a divorce decree), and there is no evidence before the Court to conclude that Beneficial had ever properly perfected a security interest in the debtor's household goods. Thus, even if the claim had been timely filed, it appears from the record that it would have been found to be an unsecured claim in this proceeding.

Section 1301 of the Bankruptcy Code provides as follows:

"(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

(b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay." 11 U.S.C. § 1301.

■ Beneficial has asserted that this statute is preventing it from pursuing a certain state court action which was initiated prior to the filing of the Chapter 13 petition. Defendants in that action included the Chapter 13 debtor, Benjamin Herman Henson, and Frances M. Henson, the debtor's ex-wife and co-obligor on the obligation to Beneficial. Frances M. Henson is apparently the current record owner of the real estate in question. In the state court action, in addition to seeking a money judgment on the obligation owed by the Hensons, Beneficial sought to foreclose its mortgage on the real estate.

Beneficial alleges that Frances M. Henson received the consideration for the claim held by it at the present time and thus permission to pursue the co-debtor is justified under subsection (c)(1) of § 1301. No proof has been adduced by Beneficial to support its assertion that Frances M. Henson received the consideration for the loan. It appears that, in fact, the consideration for the loan was jointly received by both Benjamin Herman Henson and Frances M. Henson who were then married and jointly residing at 2148 Minnesota Avenue, the premises subject to the second mortgage in favor of Beneficial. While the co-debtor, Frances M. Henson, presently hàs title and possession of the property out of which the creditor's claim can be satisfied, at least to the extent it is not satisfied by distributions under the debtor's Chapter 13 plan, the factual circumstances of this case do not point to the situation envisioned by § 1301(c)(1), that is, where the Chapter 13 debtor is in fact the co-debtor on a loan made to and for the benefit of another person. Benjamin Herman Henson was a debtor in the loan transaction with Beneficial, and the Court finds that the provisions of § 1301(c)(1) are inapplicable to support relief from the § 1301 stay.

■ An additional ground for relief from the stay is that "the plan filed by the debtor proposes not to pay such claim." 11 U.S.C. § 1301(c)(2). As stated, the debtor has proposed a 100% dividend on all allowed claims in his Chapter 13 proceeding, including the Beneficial claim. However, Beneficial's claim, as unsecured, will not be paid interest which was unmatured as of the date of the filing of the petition and certain other costs and fees associated with payment of the obligation according to its contractual terms. Legislative history on this portion of the statute is helpful.

"The section governing the stay also provides for relief from the stay in certain circumstances, in order to protect the creditor's rights. If the debtor proposes not to pay a portion of the debt under his Chapter 13 individual repayment plan, then the stay is lifted to that extent. (footnote omitted). The creditor is protected to the full amount of his claim, including post-petition *interests* (sic), *costs*, and *attorneys' fees, if the contract so provides*. Thus, if the debtor proposes to pay only $70.00 of a $100.00 debt on which there is a co-signer, the creditor must wait to receive the $70.00 from the debtor under the plan, but may move against the co-debtor for the remaining $30.00 and for any additional interest, fees, or costs for which the debtor is

liable. The stay does not prevent the creditor from receiving full payment, including any costs and interest, of his claim. It does not affect his substantive rights. It merely requires him to wait along with all other creditors for that portion of the debt that the debtor will repay under the plan." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 122, U.S. Code Cong. & Admin. News 1978, pp. 5787, 6083.

The debtor proposes to pay 100% of the allowed claim of Beneficial in this case as it existed at the time of the filing of the petition herein. That amount appears to be $4,389.82, given the appropriate rebate for unmatured interest. To the extent the obligation continues to accrue interest under the terms of the contract for so long as it remains unpaid, the co-debtor, Frances M. Henson, remains liable and, under the provisions of § 1301(c)(2) she can be pursued for collection of that sum. See, *Commercial Securities Co., Inc. v. Leger (In re Leger)*, 4 B.R. 718, 6 BCD 1186 Bkrtcy., W.D.La. 1980).

Based upon the foregoing, the Court hereby determines that the complaint of Beneficial, insofar as it seeks a lifting of the automatic stay imposed by § 1301 of the Bankruptcy Code in order to pursue Frances M. Henson, individually, for that portion of Beneficial's claim which is to be unpaid in this Chapter 13 proceeding, is meritorious and it is hereby granted. Judgment will enter forthwith.

IT IS SO ORDERED.