In the Matter of Joseph Kelly GRIGSBY, and Judy Karen Grigsby, Debtors.

INTERNATIONAL HARVESTER EMPLOYEE CREDIT UNION, Plaintiff,

v.

Joseph Kelly GRIGSBY, and Judy Karen Grigsby, et al Defendants.

Bankruptcy No. 3–80–04043.
Adv. No. 3–81–0054.

United States Bankruptcy Court, S. D. Ohio, W. D.

Aug. 26, 1981.

H. J. T. Herzog, Dayton, Ohio, for debtors.

James R. Warren, Springfield, Ohio, for defendants Walter Kenerly, Sr., and Walter Kenerly, Jr.

Barry P. Reich, Springfield, Ohio, for plaintiff.

George W. Ledford, Englewood, Ohio, standing trustee.

## PRELIMINARY STATEMENT

ELLIS W. KERR, Bankruptcy Judge.

The Complaint prays for Order terminating the stay against the comakers on a note signed by the Debtors (Grigsbys) and the comakers (Kenerlys). The estate case, number 3–80–04043, is a Chapter 13 case.

The Answer of the Debtors includes an allegation that their Amended Plan provides 100% payment to Plaintiff which has no grounds for removal of stay against the comakers.

The Answer of the comakers denies, for want of knowledge, all allegations in the Complaint except that which states a Chapter 13 case was filed. This is admitted.

## ARGUMENTS

The memoranda—briefs filed by the parties propound the following:

*Plaintiff contends:*

It would be irreparably harmed by the stay because the Plan proposes only interest to the date of the petition, not post-petition interest and because the codebtors have property out of which the claim can be satisfied; that post-petition interest lost would be $1,285.77; that Debtors defaulted in payment of the note on which the principal sum due as of the date of filing the Chapter 13 petition was $6,570.49.

*The Comakers contend:*

The sole issue is irreparable harm; that $2,650.00 is the secured portion of Plaintiff's claim leaving $4,067.88 unsecured; that Plaintiff is being paid in full and will receive no harm "except for a possible de minimus amount of interest which will not be fully ascertained until the Plan is paid out"; that to hold this to be irreparable harm would run counter to the purpose of the stay provisions of the Code; that there is no equity in either of two properties (real estate owned by the comakers) over the $10,000.00 exemption afforded by Ohio law; that Plaintiff did not take a real estate mortgage at the time of the loan and to permit it to pursue the real estate at this time would improve the Plaintiff's position; that to permit collection now in interest on about $4,000.00 when it would be collected over a three year period is contrary to legislative intent.

*The Debtors contend:*

The uncontested value of Plaintiff's security is $2,650.00 on which interest would be paid; that the testimony and evidence as to the amount of loss in interest was not definite; that the Court is without any testimony as to what irreparable harm would befall Plaintiff; that the Plan has been confirmed, is feasible and in good faith; that there are not present in this case the elements authorizing removal of

stay as to the comakers; the Court is without statutory authority to remove the stay; that the fact Plaintiff will not receive all of its money is not irreparable harm as the Code presumes all creditors will take less than is due them unless they have security in excess of the value of their claim.

## FINDING OF FACTS

Ken Chapman, Collection Manager of Plaintiff Credit Union testified that at the time the loan was made January 10th, 1979, he was not aware of any of the provisions of the new Bankruptcy Code then under consideration (on that date most lending institutions were having collection managers and other acquaint themselves with such provisions anticipating the effect of the new Code upon actions to be taken).

Chapman further testified in answer to a question from the Court as to why mortgages were not taken from Kenerlys at the time of the loan that it was the policy of the Credit Union not to take such mortgages.

Codebtor Kenerly Sr. has only a half interest in real estate. The other half is owned by his wife who is not a codebtor.

Codebtor Kenerly Jr. has with his wife (who is not a codebtor) only a joint and survivorship interest in real estate.

The balance due Plaintiff at the time of filing the Chapter 13 case was $6,570.49.

There is a dispute as to the value of the real estate.

The Plan of payment by the Debtor does not provide for full payment of principal and interest on the debt due the Plaintiff.

The consideration pertaining to the note in question all flowed to the Debtors.

Kenerly Sr. testified he is not in a position to pay the debt. Kenerly Jr. testified he "was just coming out of a six weeks strike" (indicating inability to pay).

The original amount of the note was $8,226.96. Debtors were in default at the time they filed their Chapter 13 case. The security is a 1977 Ford Granada. The note was dated January 10, 1979. Total payments were to be $10,946.00 which included finance charge. Final payment was to have been the last of October 1980.

## CONCLUSIONS OF LAW

There is a difference in the removal of stay provisions as applicable to Debtors and as applicable to codebtors. Debtors can receive benefits giving relief from creditors which codebtors cannot.

11 U.S.C. § 1301 is the law applicable to stay of action against codebtor. Paragraph or subsection (c) provides:

"(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay."

■ The legislative history indicates the Court is *required* to grant relief to the extent that the debtor does not propose in the Plan to pay the amount owed the creditor, including interest, regardless of the financial plight of the codebtor. *See Re Legler*, 4 B.R. 718 (Bkrtcy.W.D.La.1980); *In re DiDomizio*, 11 B.R. 357, 7 BCD 883, (Bkrtcy.D.Conn.1981); *In re Rondeau*, 9 B.R. 403, 7 BCD 748 (Bkrtcy.E.D.Penn. 1981).

11 U.S.C. 1301(c)(2) and (3) are separate and distinct bases for granting relief from stay. If the Plan proposed not to pay the claim (subsection (2)) there is no requirement that creditor must show irreparable harm as provided in subsection (3). Finding that the Plan does not propose to pay the claim in full the matter of irreparable harm need not be decided at this time. However, in view of the orders to be herein made such matter is reserved for future determination if changing conditions require it.

Therefore, the matter of value of and equity in real estate need not be considered in making this decision. However, it might be pointed out that neither codebtor has a fee simple interest in the entire interest in the real estate but each is obligated for the entire debt of each and there is a question whether either codebtor has equity in the real estate in which he does not own the entire interest.

Comment is required as to the July 16, 1981 decision of Judge Anderson in the two Dayton cases, adversary proceedings in the Chapter 13 cases *In re Harry L. Daniel,* 13 B.R. 555, and *In re Potter,* 13 B.R. 555. The Plaintiff in the instant case was Plaintiff in each of these other two cases. The decisions of Judge Anderson modified the . stay but did not remove it. The Debtors in those cases were not in default at the time the cases were filed. In the instant case the Debtors were in default.

Judge Anderson's decision consists of six pages. It includes a very fine analysis of legislative intent. We agree with him that to protect Debtors and Creditors and still give effect to legislative intent most cases require that a stay be modified rather than terminated. That applies to the instant case.

Regardless of "what the books say" as to legislative intent the numerous decisions of Bankruptcy Judges in this country make it obvious that there is a difference of opinion in interpreting what purports to be legislative intent.

Without burdening the readers of this decision with extensive quotes as to intent of Congress and detailed comment from various decisions in regard to intent we are of the opinion that the following comments are applicable to this case.

■ If the Debtor proposes not to pay a portion of the debt under his Chapter 13 plan the stay is lifted to that extent. The creditor is protected to the full amount of his claim including post-petition interest. House Report No. 95–595, 95th Cong. 1st Sess. (1977) p. 121–122, U.S.Code Cong. & Admin.News 1978, 5787.

■ At this time the stay should be neither lifted nor modified. The Debtor should be given two (2) weeks to modify the Plan so as to provide for payment in full of the claim of the Plaintiff who shall within ten (10) days notify the Trustee if the Plan as modified meets with the approval of the Plaintiff. If it does the Trustee shall have fifteen (15) days to determine if the Plan as modified is feasible. If so, proper Order approved by the Trustee and the Attorneys for Plaintiff and Defendant should be submitted to the Court for approval.

If the Plan as modified is not approved by the Plaintiff it shall so notify the Court in writing giving reasons for non-approval.

If Plaintiff approves but the Trustee finds the modified Plan not feasible he shall so report to the Court in writing giving reasons he so finds.

In the event of non-approval by the Plaintiff or the Trustee the Court shall set a conference for further consideration of matters in dispute.

Judgment shall be set forth on a separate document as required by Rule 921(a).