In re Gary R. LASKA and Linda K. Laska, Debtors.

WIREMEN'S CREDIT UNION, INC., Plaintiff,

v.

Gary R. LASKA, Defendant.

Bankruptcy No. 58–1940.
Adv. No. 582–0131.

United States Bankruptcy Court, N. D. Ohio.

June 8, 1982.

Steven S. Davis, Cleveland, Ohio, for plaintiff.

James L. Miller, Akron, Ohio, for defendant.

## FINDING AS TO RELIEF FROM STAY

H. F. WHITE, Bankruptcy Judge.

This cause came on upon the filing of a Complaint for Relief from Stay and Other Equitable Relief filed by Plaintiff, Wireman's Credit Union, Inc., against Defendant-Debtor, Gary R. Laska. The case has been submitted for decision based upon a Stipulation of Facts entered into between the parties and briefs of law filed herein.

### FACTS

Based on the Stipulation of Facts and the record, the facts in this case are as follows:

1. A voluntary petition under 11 U.S.C. Chapter 13 was filed by Gary R. Laska on the 16th day of November, 1981.

2. The Plaintiff is an unsecured creditor of the Defendant.

3. The Chapter 13 Plan of Defendant, confirmed on March 17, 1982, will pay five percent of the duly filed and allowed claims of the unsecured creditors.

4. The Plaintiff extended credit for the benefit of the Defendant.

5. The Plaintiff is owed the sum of $9,959.08, plus interest of 12 percent per annum, from December 29, 1980.

6. There are co-makers for the loan of Plaintiff, to-wit: Michael Laska and Charles Malek.

7. Neither co-signer was scheduled as the holder of a claim, secured or unsecured, against the debtor. Neither co-signer filed a Proof of Claim herein.

8. Plaintiff did not name Michael Laska or Charles Malek as parties in this action.

## ISSUE

The issue is whether the stay of action against the codebtors may be lifted pursuant to 11 U.S.C. Section 1301(c).

## LAW

11 U.S.C. Section 1301(a) provides for a stay of any action by a creditor against a co-debtor where a debtor has filed for relief pursuant to Chapter 13 of the Bankruptcy Code. This section is new to the Bankruptcy Code. Its purpose is "to protect a debtor operating under a chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor." H.R. 95–595, 95th Cong., 1st Sess. (1977) at 426, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6381.

The stay is not unlimited, however. 11 U.S.C. Section 1301(c) provides that:

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim, or

(3) such creditor's interest would be irreparably harmed by such stay.

Plaintiff bases its right to relief from the stay under this section on the fact that Debtor's plan does not propose to pay Plaintiff's full claim, but will only pay 5 percent of its claim.

The Legislative History on this subsection is clear. Where one of the conditions set forth in 11 U.S.C. Section 1301(c) is present, the Court is required to grant relief from the stay as requested. H.R. 95–595, 95th Cong. 1st Sess. (1977) at 426. And see *In Re Grigsby*, 13 B.R. 409, 1 C.B.C.2d 1463 (Bkrtcy.S.D. Ohio 1981); *In Re Rondeau*, 9 B.R. 403, 7 B.C.D. 748 (Bkrtcy.E.D.Pa.1981); *In Re DiDomizio*, 11 B.R. 357, 7 B.C.D. 883 (Bkrtcy.D.Conn.1981). In the instant case, one of those conditions is present as debtor's Plan does not propose to pay Plaintiff in full. Accordingly, it appears that relief from stay should be granted.

Defendant argues, however, that to grant relief from the stay would be contrary to legislative intent. Citing to the Legislative History, debtor argues that 11 U.S.C. section 1301 was intended to protect a debtor from creditor pressure asserted indirectly through co-signers. Although this may be true, the passage to which debtor cites this Court continues with the statement: "The protection is limited however . . . Subsection (c) *requires* the court to grant relief from the stay in certain circumstances. The court must grant relief to the extent that the debtor does not propose to pay, under the plan, the amount owed to the creditor." H.R.No.95–595, 95th Cong. 1st Sess. at 426 (1977), U.S.Code Cong. & Admin.News 1978, p. 6381. (emphasis added).

▮ This Court finds that Congress intended under 11 U.S.C. Section 1301 to grant the co-debtor a stay against all action by a creditor upon the commencement of a Chapter 13 case by a debtor. However, this stay was not intended to be in effect for the entire period of the plan in all cases. Whereas here, the Plan does not provide for full payment of a debt which has been co-signed, the creditor may seek relief from the stay against the co-debtor to the extent the Plan does not provide full payment. Upon request for relief and where it is found that one of the conditions set forth in 11 U.S.C. Section 1301(c) is present, a bankruptcy court has no choice but to grant relief from the stay. *In re Rondeau, supra.* No exceptions are provided to the availability of relief. *Id.*

Debtor also places reliance on two recent bankruptcy cases from this state holding that relief from the stay could not be granted. *In re Betts*, 8 B.R. 799 (Bkrtcy. S.D.Oh.1981); *In re Weaver*, 8 B.R. 803 (Bkrtcy.S.D.Oh.1981). The distinguishing factor in those cases is that the Chapter 13 Plans under question contained provisions prohibiting the creditors from pursuing the co-debtors during the Plan. No such provision was included in debtor's Plan and as such the cases are not relevant herein.

Additionally, debtor's argument that Plaintiff, by failing to object to the manner of repayment set forth in debtor's Plan, has impliedly agreed to forego any rights it may have against the co-debtors during the pendency of the Plan must be rejected. Plaintiff's failure to affirmatively reject the Plan must be read in light of the rights it was granted under the Bankruptcy Code—one of which was the right to seek relief from the stay under 11 U.S.C. Section 1301 where conditions warranted it.

Plaintiff, Wiremen's Credit Union, Inc., failed to name the co-debtors as party defendants. As such, this Court may not make any determination of liability against the co-debtors. The co-debtors must be given an opportunity to be heard and present any defenses they may have to Plaintiff's claim. The absence of the co-debtors does not prevent this Court from granting Plaintiff relief from the stay, however. 11 U.S.C. Section 1301 is designed for the protection of the debtor, not the co-debtor. As such, the debtor has been named as a defendant herein and has made his arguments in favor of the continuation of the stay. As the intended beneficiary has appeared and raised his arguments and as this Court finds these arguments to be unpersuasive, this Court finds that relief from the stay is warranted. Notwithstanding this, the Court would indicate that the better practice in the future would be to name both the debtor and the co-debtors in actions of this nature.

Therefore, it is the conclusion of this Court that Plaintiff, Wiremen's Credit Union, Inc., should be granted relief from the stay against co-debtor action pursuant to 11 U.S.C. Section 1301(c)(1) for the amount not provided for in the confirmed plan.