**In re Tony K. SANDIFER.**

**Bankruptcy No. 583–00877–A.**

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

Oct. 27, 1983.

Edward A. Kaplan, Alexandria, La., for Reliable Finance Co., Inc.

George A. Guidry, Alexandria, La., for Tony K. Sandifer.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

Before the Court is the issue of whether after notice and hearing the Court shall grant relief from the stay provided under 11 U.S.C. 1301(a), which protects a co-debtor of the bankrupt under Chapter 13 of the Bankruptcy Code.

■ Tony K. Sandifer along with Saul J. Scott and Margie N. Scott are co-debtors on a note and chattel mortgage in favor of Reliable Finance Company, Inc. All three are co-makers on the note, and therefore are liable in solido on the note, which is secured by a chattel mortgage. This chattel mortgage covers household furniture in the possession of Saul J. Scott and Margie N. Scott, and an automobile in the possession of Tony K. Sandifer.

The debtor obtained the loan in the principal amount being owed of $1,454.07. The finance charge is $590.00. After a deduction for the amount paid to date on the loan, the creditor's claim is for the amount of $1,995.00. The final payment on this loan was scheduled to be made on May 10, 1985.

The bankrupt proposes to pay to Reliable Finance Company, under the plan, an amount of $36.11 per month over a period of 42 months. The plan proposes a total payment under the plan of $1,516.16. The plan does not propose to pay any unearned interest to Reliable Finance Company.

■ The Court finds that Tony Sandifer received the bulk of the consideration of the loan except for an amount of $26.00, which was paid by Reliable Finance Company to Saul J. Scott.

## CONCLUSIONS OF LAW

Section 1301(c) of the Bankruptcy Code provides:

"(c) on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor,

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay."

Section 1301(c)(1) provided that the Court shall grant the creditor relief from the stay provided under Section 1301(a) of the Bankruptcy Code to the extent of the consideration received by the co-debtor not in bankruptcy. The bankrupt received the bulk of the consideration for the claim held by Reliable Finance Company, except for the amount of $26.00 paid to Saul J. Scott. Therefore, the Court relieves Reliable Finance Company from the stay provided under Section 1301(a), to proceed against Saul Scott and Margie Scott to the extent of $26.00.

■ Reliable Finance Company has a secured claim in the amount of $1,995.00. Under the plan, the bankrupt proposes to pay the creditor $1,516.16 over a period of 42 months. The difference in the amount of the claim by Reliable Finance Company and the amount to be paid under the plan is $478.84, which is unearned interest.

All scheduled payments on the note would have become due before payments

under the plan are completed, and the plan does not propose to pay the creditor in full.

*In the Matter of Leger,* 4 B.R. 718, 6 B.C.D. 1186 (Bkrtcy.W.D.La.1980), that Court held that, pursuant to Section 1301(c)(2), the creditor entitled to relief from stay to proceed against cosigner of note for the difference between its claim, inclusive of all interest due on the note, and the amount proposed to be paid under the plan. For the same reason this Court finds that Reliable Finance Company is entitled to relief from the stay to proceed against Saul Scott and Margie Scott to the extent of $478.84.

The relief from the stay provided under Sections 1301(c)(1) and 1301(c)(2) are not additive. Therefore, Reliable Finance Company is entitled to relief from the stay to proceed against Saul Scott and Margie Scott for a total amount of $478.84.

The remaining rights of Reliable Finance Company are reserved to further pursue the cosigners, Saul Scott and Margie Scott, in the event the Chapter 13 should fail and/or be dismissed.