**In re Deborah J. RHODES, Debtor.**

**Bankruptcy No. 87 B 31198.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

March 28, 1988.

Paul S. Godlewski, Rockford, Ill., for petitioner.

William Balsley, Rockford, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of USA Financial Services, Inc. (USA), to Modify the Automatic Stay. The Debtor is represented by Attorney William L. Balsley. USA is represented by Attorney Paul S. Godlewski.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtor and Kevin Rhodes, then husband and wife, borrowed money from USA. They granted a security interest in miscellaneous household goods to USA to secure the loan. The couple has since divorced.

The Debtor filed for relief under Chapter 13 of the Code. Although Kevin Rhodes is not a debtor in bankruptcy, Section 1301(a) of the Code operates to prevent USA from commencing any collection efforts against him. The present Motion is to have the stay, as to Kevin Rhodes, lifted pursuant to Section 1301(c)(1) of the Code. The Debtor's plan provides that USA will be paid in full.

Section 1301(c) of the Code provides:

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. Section 1301(c).

Subparagraphs (1), (2) and (3) of Section 1301(c) are to be read in the alternative so that the creditor need only prove the elements of one subparagraph to be entitled to relief from the stay. *In re Lamoreaux,* 69 B.R. 301 (Banker.M.D.Fla.1987). Subparagraph (1) provides that the stay should be lifted to the extent that the co-debtor "received the consideration for the claim held by the creditor."

In promulgating Section 1301(c)(1), the House Report states that, "[t]he court

must also grant relief to the extent that the debtor was really the co-debtor in the transaction, that is, to the extent that the non-debtor party actually received the consideration for the claim held by the creditor." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 426 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6382. The Congressional Record Statements provide, "Section 1301(c)(1) indicates that a basis for lifting the stay is that the debtor did not receive consideration for the claim by the creditor, or in other words, the debtor is really the 'co-debtor.' " 124 Cong.Rec. H11106 (daily ed. Sept. 28, 1978); S17423 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini.

The two statements of Congress seem to take different approaches. The House Report would require the court to determine and lift the stay to the extent that the person protected by Section 1301(a) actually received the consideration. The Record Statements require the court to determine and lift the stay to the extent that the debtor in bankruptcy was actually a co-signer or did not receive the consideration.

The courts that have addressed the issue have followed the second approach. In *In re Sandifer*, 34 B.R. 507 (Bankr.W.D.La. 1983), the debtor and Saul Scott borrowed $1454.07 from Reliable Finance Company. The debtor received the major part of the loan with $26.00 being paid to Saul Scott. Under Section 1301(c)(1), the court granted relief from the stay, as against Saul Scott, to the extent of $26.00.

In *In re Fagan*, 26 B.R. 212 (Bankr.W.D. Ky.1982) and *In re Henson*, 12 B.R. 82 (Bankr.S.D.Oh.1981), each debtor and debtor's spouse borrowed money from a creditor, jointly. After each debtor was divorced, each debtor filed for relief under Chapter 13. In neither case was there any evidence that either spouse received any proceeds for his/her sole benefit. The courts, in both cases, denied relief from stay under Section 1301(c)(1).

In this case, the Debtor and Kevin Rhodes borrowed money from USA, jointly, as husband and wife. The Debtor is primarily liable for the full amount and is not a co-debtor or co-signer; she received the entire proceeds of the loan for purpose of analysis of Section 1301(c)(1). The Court reads Section 1301(c)(1) as follows: "... the court shall grant relief ... to the extent that ... as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration, *and the debtor did not,* for the claim held by such creditor". Accordingly, Section 1301(c)(1) applies only to the extent that the "individual protected" is the exclusive recipient of the consideration.

On the basis of the foregoing, the Motion of USA should be DENIED.

IT IS SO ORDERED.