**In re Yolanda E. JONES, Debtor.**

**Bankruptcy No. 89–20882.**

United States Bankruptcy Court,
W.D. New York.

Oct. 17, 1989.

**34**

John Curran, Rochester, N.Y., for GMAC.

Robert S. Cooper, Rochester, N.Y., for debtor.

George Reiber, Rochester, N.Y., Chapter 13 Trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Creditor GMAC moved for relief from the stay under §§ 362 and 1301 of the Bankruptcy Code, 11 U.S.C. §§ 362, 1301, in order to proceed with collection actions involving a 1987 Toyota automobile. The debtor cross-moved for contempt for the creditor's alleged violations of the § 362 automatic stay and the § 1301(a) stay of actions against a codebtor. The Court requested briefs from the parties and reserved decision pending their receipt. GMAC filed a memorandum of law. The debtor elected to stand on her cross-motion and arguments at the motion hearing.

The automobile in question was purchased on April 1, 1988 by Jennesee Jones, daughter of the Chapter 13 debtor, Yolanda Jones. Yolanda Jones cosigned the retail installment contract, but title was at all times held by Jennesee Jones. Yolanda Jones filed a petition in bankruptcy on May 15, 1989. The debtor alleges that she advised a GMAC agent of her bankruptcy filing on May 17, when he appeared at the home and attempted to repossess the automobile. She further alleges that her daughter, Jennesee Jones, informed a Mrs. Catalani at GMAC of the bankruptcy filing by telephone on May 18. GMAC repossessed the automobile from Jennesee Jones on May 19, 1989. GMAC denies having notice of Yolanda Jones's bankruptcy earlier than May 22, when it received written notice. The debtor also alleges that GMAC persisted in collection actions against her until May 31. GMAC asserts that it ceased all collection actions against either the debtor or her daughter upon receiving notice of Yolanda Jones's bankruptcy filing on May 22. GMAC has adjourned the scheduled sale of the vehicle pending resolution of this action.

■ The debtor's allegation that GMAC's repossession violated the automatic stay of § 362 is without merit. The automobile, owned by Jennesee Jones, is not property of the bankruptcy estate and does not receive the protection of such property provided by § 362(a)(3).

■ The issue raised by the debtor in her contempt motion is whether the

§ 1301(a) stay of actions against codebtors shields the property of Jennesee Jones, the codebtor, from repossession when her cosigner, Yolanda Jones, has filed a petition in bankruptcy. The debtor argues that it does.

> Section 1301 provides, in pertinent part:
> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—
> (c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section, with respect to a creditor, to the extent that—
> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor; ...

11 U.S.C. § 1301.

GMAC argues unconvincingly that the § 1301 stay prohibits only *"in personam"* collection actions, so that repossession, which GMAC characterizes as an *"in rem"* action, is not stayed. There is no support for this distinction in the statute or the legislative history. Furthermore, cases granting or denying relief from the codebtor stay under § 1301(c)(1) invariably turn on whether the bankruptcy or her codebtor received the consideration; none pauses to make a threshold determination of whether collection is sought against the codebtor personally or against the codebtor's property. *See, e.g., In re Sandifer*, 34 B.R. 507 (Bankr.W.D.La.1983); *In re Brown*, 12 B.R. 885 (Bankr.N.D.Ga.1981); *In re O'Leary*, 1 C.B.C.2d 569 (Bankr.W.D.N.Y.1980).

GMAC's argument, at bottom, amounts to insistence that the § 1301(a) stay applies only to unsecured creditors. Secured creditors would be free to pursue collection actions against codebtors, since they could proceed against the codebtor's property rather than against the codebtor herself. The plain language of § 1301(a), which refers to "a creditor", does not support such an interpretation.

The legislative history describing the interaction of Sections 1301(a) and 1301(c)(1) is unquestionably confusing. The stated purpose of § 1301(a)'s stay of actions against the codebtor is to "protect a chapter 13 debtor from indirect pressure from a creditor exerted through his friends or relatives, to favor or prefer that creditor." H.R.Rep. No. 595, 95th Cong., 1st Sess. 121, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6082. The report goes on to state that the § 1301(a) stay *"does not apply* to the extent that the codebtor is in reality the debtor, that is, to the extent that the person not in chapter 13 actually received the consideration for the claim." *Id.* at 122, U.S.Code Cong. & Admin.News 1978, p. 6083 (Emphasis added). However, that statement is anchored by a footnote reference to § 1301(c)(1), which provides for relief from the § 1301(a) stay. Thus, the intended operation of § 1301 must be to create a stay for which the court *"must* grant relief to the extent that the debtor was really the codebtor in the transaction, that is, to the extent that the nondebtor party actually received the consideration for the claim held by the creditor." *Id.* at 426, U.S.Code Cong. & Admin.News 1978, p. 6382 (emphasis added); *In re Laska*, 20 B.R. 675, 676 (Bankr.N.D.Ohio 1982). This construction comports with the language of § 1301 itself, which does not include in subsection (a)'s list of express exceptions from the stay the situation where "the debtor was really the codebtor", but instead provides in subsection (c) that the court shall grant relief in such a circumstance. *See In re Francis*, 15 B.R. 998, 1000 (Bankr.E.D.N.Y.1981).

■ From the foregoing, it is apparent that the codebtor stay of § 1301 applies to repossession of the codebtor's automobile. It is equally apparent from § 1301(c) that this Court must grant GMAC relief from that stay. The debtor's protest that GMAC's moving papers are insufficient is inapposite in the context of § 1301(c)(1),

**36**

since the Court *must* lift the stay when so requested by a party in interest. *Id.* at 426, U.S.Code Cong. & Admin.News 1978, p. 6382; *Laska* at 676.

There are many allegations in the debtor's papers setting forth claims of damages which are denied by GMAC. The central fact remains that the debtor was not the beneficiary of the loan from GMAC, her daughter was. The debtor was the cosigner not the principal. The daughter defaulted on the loan and as against her a nondebtor, GMAC had the right to repossess the vehicle as soon as they moved to lift the stay under § 1301(c)(1), which they have done. At best, they are guilty of a technical violation of the law with no real proof of damages. Therefore, they are found in violation of the stay but the fine for the violation is limited to one dollar and it is so ordered.