In re Frederick Leroy
COOPER, Debtor.

CENTRAL FIDELITY BANK, Plaintiff,

v.

Frederick Leroy COOPER, Debtor, Deborah C. Dingus, Codebtor, Frank J. Santoro, Trustee, Defendants.

Bankruptcy No. 89–01108–NNT.
Adv. No. 89–0529–NNT.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

June 22, 1990.

Sheryl Lee Brindle, Cooper & Davis, P.C., Portsmouth, Va., for Central Fidelity Bank.

Richard G. Poinsett, Hampton, Va., for debtor.

Frank J. Santoro, Portsmouth, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On February 26, 1990, this court entered an order denying Central Fidelity Bank's motion for relief from the codebtor stay provided under 11 U.S.C. § 1301. CFB has now requested the court, pursuant to Bankruptcy Rule 7052 and Rule 52(b) of the Federal Rules of Civil Procedure, to amend its order based upon a factor which was not presented to the court at the hearing on the motion.

For the reasons stated in this opinion, CFB's motion will be granted and the court's order of February 26, 1990, vacated. A new order will be entered modifying the codebtor stay to allow CFB to proceed against its secured collateral.

### Facts

The debtor filed a chapter 13 petition on August 17, 1989. His schedules reflected a codebt with Deborah C. Dingus of a secured loan owed to CFB in the amount of $12,000.00. The security for this loan was a luxury boat listed at a value of $8,000.00.

Debtor's original chapter 13 plan, filed on September 1, 1989, provided for 100% payment of the cosigned CFB claim with debtor to retain the luxury boat. CFB objected to confirmation of the plan on several grounds. One basis for the objection was debtor's retention of the boat which CFB asserted had a value of $30,000.00.

At hearing on CFB's objection to confirmation, this court denied confirmation because of the plan provision for debtor to retain ownership of a luxury boat.

Subsequently, debtor filed a modified chapter 13 plan which contained the following provision relative to the boat.

**B–5. Creditors Secured by Property Which Will be Surrendered by the Debtor**
Upon confirmation of the Plan, the Debtor will surrender his interest in the collateral securing the claim. The creditor shall hold a nonpriority, unsecured claim. The entry of the Order confirming the Plan shall have the effect of terminating the stay of 11 U.S.C. Sec. 362(a) as to the collateral surrendered, thereby allowing the recovery and disposition of such property according to applicable nonbankruptcy law except as modified by 11 U.S.C. 1301.

| Creditor | Collateral | Value |
|---|---|---|
| Central Fidelity Bank | '69 Morgan Marine Boat | $21,000.00 |

---

(Modified Plan, p. 2) (emphasis supplied)

Paragraph B–7.A of the modified plan provided for 100 percent payment of CFB's claim with interest. (Modified Plan, p. 2)

In the absence of any objection to debtor's modified plan, the plan was confirmed without a hearing before the court by order entered January 5, 1990. *See* Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, Rule 313(E).

In the meantime, CFB had filed a motion for relief from the automatic stay as to the boat, and this motion was granted by order entered on December 5, 1989.

On December 18, 1989, CFB filed its motion for relief from the § 1301 stay against codebtor seeking authority to pursue Deborah C. Dingus, cosigner of the note. The debtor filed an answer denying that the motion should be granted.

CFB's motion alleged as the basis for relief from the codebtor stay that its interest would be irreparably harmed by continuation of the stay because the proceeds from sale of the collateral might be less than the current principal balance plus costs. The motion incorrectly stated that the modified chapter 13 plan made no provision for payment of the potential deficiency.

Hearing on CFB's § 1301 motion was held on February 13, 1990, at which time the only basis of irreparable harm relied upon by CFB's counsel was that CFB would not receive full payment under the plan. However, since it was obvious that the plan did in fact provide for full payment of the claim, this court concluded that CFB had not shown irreparable harm and denied the motion by order entered February 26, 1990.

This brings us to the point where CFB has now filed its timely motion for the court to amend the order, which effectively has been treated by this court as a motion to reconsider the previous denial of the § 1301 motion. At hearing on CFB's new motion it was revealed for the first time that CFB's real problem concerned the debtor's position that the court's denial of the § 1301 motion effectively prohibited CFB from repossessing the boat.

### Discussion And Conclusions

■ This court will not ordinarily reconsider a ruling on a motion after hearing where a party merely wishes to make an additional legal argument. The present case is unique, however, because the position asserted by the debtor, of which this court learned only at the second hearing, flies in the face of the court's earlier denial of confirmation and the granting of relief from stay as to the debtor's boat.

Rule 52(b) of the Federal Rules of Civil Procedure, which is applicable to this contested matter pursuant to Bankruptcy Rule 7052, provides that:

> [U]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Fed.R.Civ.P. 52(b). The purpose of a motion to amend is to clarify essential findings of fact and legal conclusions and "to correct manifest errors of law or fact." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986). *See* 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.11[2], at 197–99 (2d ed. 1989). Additionally, while Rule 52(b) does not expressly refer to reconsideration of legal conclusions, it is clear that the court has the power to alter conclusions of law as well as findings of facts "even when doing so result[s] in the reversal of its initial judgment". *National Metal Finishing Co. v.*

*BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990). *See Mesa Petroleum*, 791 F.2d at 1219; and 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.11[2], at 197–99 (2d ed. 1989).

As it has now been revealed, debtor is hiding behind the codebtor stay to avoid complying with a specific provision of his chapter 13 plan and to prohibit the bank from repossessing its collateral notwithstanding the court's order granting relief from stay.

Debtor's counsel asserts that even though debtor's plan provides for his surrendering possession of the boat to CFB, debtor may and will nevertheless continue in possession of the boat since the existence of the codebtor stay prevents the bank from repossessing the collateral. See *In re Jones*, 106 B.R. 33 (Bankr.W.D.N.Y. 1989), holding that the codebtor stay applies to in rem actions as well as in personam claims against a codebtor.[1]

This issue was not addressed previously, and under the circumstances the court has decided it must reconsider CFB's motion for relief from the codebtor stay.

11 U.S.C. § 1301 provides a limited stay of action against a codebtor of a chapter 13 debtor, stating in part as follows:

(c) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301(c) (1988).

By enacting § 1301 Congress intended to simultaneously preserve the substantive rights of creditors and to preserve the fresh start of the debtors by preventing indirect collection practices. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 122, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6082.

Courts recognize the extensive planning and crafting that was involved in the Bankruptcy Code enacted in 1978 and have rejected efforts of debtors to extend the protection of the codebtor stay beyond that provided in § 1301. *See Old Phoenix Nat. Bank v. Britts (In re Britts)*, 18 B.R. 203 (Bankr.N.D. Ohio 1982).

Specifically, a debtor may not include a provision in a confirmed plan that would broaden the effect of § 1301. *Britts*, 18 B.R. at 206–207. Here, debtor has attempted to expand the codebtor stay in paragraph B–5 of this plan by effectively nullifying the plan provision to surrender his boat to CFB. In essence debtor devised a plan which lured the bank into a false sense of security by stating that he would surrender his interest in the boat. Since CFB had previously obtained relief from stay as to debtor, CFB had no reason to object to the plan. However, in paragraph B–5 debtor attempted to recoup what it was believed by the court and CFB he had given away by claiming that the § 1301 stay prevents CFB's repossession.

The court will not allow the debtor to accomplish indirectly what was intended to be prohibited by the court's earlier denial of confirmation. The § 1301 stay is to be used as a shield and not as a sword.

The benefit Congress intended to grant the co-debtor was to delay the creditor in asserting his rights under the contractual relationship until the debtor had an opportunity to formulate his Plan proposed under Section 1301(c). Any terms beyond this would be in contravention of Congress' intent to not affect the substantive rights of the creditor to proceed against the co-debtor, and would in effect grant a co-debtor who has not filed any action under Title 11 the protection of the Bankruptcy Code.

*Britts*, 18 B.R. at 206–207.

Since debtor has stated in the confirmed modified plan his intent to relinquish his interest in the collateral, there is no reason to extend the application of the

---

**1.** Although it is questionable to this court whether the in rem rule under § 1301 should apply, given the instant debtor's chapter 13 plan, I find it unnecessary to consider this point.

§ 1301 stay to the collateral. Its purpose has been served. Based upon the new information received on the intent of debtor's plan, this court finds that CFB will suffer irreparable harm if it cannot also obtain relief from the codebtor stay.

Consequently, the court's order of February 26, 1990, will be vacated, and another order will be entered granting CFB relief from the codebtor stay. The stay will be modified to the extent that the creditor may proceed against the collateral; the codebtor stay will remain to protect the codebtor personally.

A separate order will be entered.