In re John M. JOHNSON, Jane M. Johnson, Debtors.

MID MAINE MUTUAL SAVINGS BANK, Plaintiff,

v.

John M. JOHNSON, Jane M. Johnson, Defendants,

Richard R. Johnson, Co-Defendant.

Bankruptcy No. 280–00331.
Adv. No. 281–0032.

United States Bankruptcy Court, D. Maine.

July 28, 1981.

M. Kelly Matzen, Trafton & Matzen, Auburn, Maine, for plaintiff.

George A. Hess, Auburn, Maine, for defendants.

Grover G. Alexander, Gray, Maine, for co-defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this adversary proceeding Mid Maine Mutual Savings Bank ("the Bank") seeks relief from the automatic stay provisions of Section 1301 of the Bankruptcy Code (11 U.S.C. § 1301) which prohibits a creditor from attempting to collect any part of a consumer debt from a person who is liable on the debt with a debtor who has filed for Chapter 13 relief.

The undisputed facts are that on February 1, 1980 the Bank entered into an "installment note security agreement" with John M. Johnson and Richard R. Johnson in the amount of $2,412.47. Richard R. Johnson apparently signed the note to accommodate his son in obtaining a loan. John and Richard Johnson promised to repay the principal plus sixteen percent (16%) interest in thirty monthly installments of $98.10 beginning March 1, 1980.

On July 7, 1980 the Debtors filed for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 1301 *et seq.*). At that time John and Richard Johnson owed $2,376.49 on the February, 1980 note. The Bank has filed a proof of claim and the parties have stipulated that the Bank has an unsecured claim for that amount.

Under their Chapter 13 plan the Debtors propose to pay the Bank twenty percent (20%) of its claim ($475.30). The Bank seeks relief from the automatic stay of Section 1301 of the Code so that it may pursue Richard Johnson for the other eighty percent (80%) of its claim ($1,901.19) plus the interest that continues to accrue under the note but which was unearned as of the date the Debtors filed their petition.

## –DISCUSSION–

Section 1301(c) of the Bankruptcy Code (11 U.S.C. § 1301(c)) provides in pertinent part that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—...

(2) the plan filed by the debtor proposes not to pay such claim; ...

The Debtors' plan proposes to pay $475.30 of the Bank's $2,376.49 filed claim. Since the plan proposes not to pay $1,901.19 of the Bank's claim, the Bank is entitled to relief from the Section 1301(a) stay to pursue Richard Johnson for that amount.

As for the Bank's request for relief to pursue Richard Johnson for accruing interest on the loan which had not been earned as of the date the Debtors filed their Chapter 13 petition, the legislative history of the Bankruptcy Code clearly states that such interest is recoverable against the co-debtor if the contract the co-debtor signed so provides. The House Report states:

If the debtor proposes not to pay a portion of the debt under his Chapter 13 individual repayment plan, then the stay is lifted to that extent. The creditor is protected to the full amount of his claim, including post-petition interest, costs and attorney's fees, if the contract so provides. Thus if the debtor proposes to pay only $70 of a $100 debt on which there is a cosignor, the creditor must wait to receive the $70 from the debtor under the plan but may move against the co-debtor for the remaining $30 and for any additional interest, fees, or costs for which the debtor is liable. The stay does not prevent the creditor from receiving full payment, including any costs and interest, of his claim. H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) p. 122, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6083.

The House Report again states at page 426 that the protection of the co-debtor stay:

... is limited ... to ensure that the creditor involved does not lose the benefit of the bargain he made for a cosigner. He is entitled to full compensation, in-

cluding any interest, fees and costs provided for by the agreement under which the debtor obtained his loan. The creditor is simply required to share with other creditors to the extent that the debtor will repay him under the Chapter 13 plan. The creditor is delayed but his substantive rights are not affected. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. (1977) p. 426, U.S.Code Cong. & Admin.News 1978, p. 6381.

The Standing Trustee contends that permitting a creditor to pursue a co-debtor for interest on a note would conflict with the overall purpose of the co-debtor stay which is to insulate a Chapter 13 debtor, arranging his financial affairs, from the pressures for preferential treatment which creditors have indirectly exerted in the past through co-debtor friends and relatives. The Trustee asserts that under the Bankruptcy Act of 1898 Chapter XIII plans failed, or were never filed, because of these indirect pressures. The Trustee argues that since claims for unmatured interest are not allowed under 11 U.S.C. § 502(b)(2), the debtor should not be forced to pay these in his Chapter 13 plan in order to avoid creditor pressures on co-debtors.

 In response to the Trustee's position, it is sufficient to point to the legislative history of Section 1301; it is clear that the Congress did not intend to relieve a co-debtor from liability for interest payments which he has contracted to pay. Congress expressly limited the scope of Section 1301 so as to avoid the constitutional question of whether the section provided relief to an individual who had not filed for Bankruptcy Code relief. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) p. 123. The co-debtor stay is intended only to delay collection efforts against those individuals who have obligated themselves on debts incurred by Chapter 13 debtors and only to the extent which the plan proposes to pay those claims. While it may be true that indirect pressures are exerted on Chapter 13 debtors, these are pressures that Congress did not intend to relieve, except to the extent that the creditor must seek relief from the Court before taking any action to collect these amounts.

Since the Bank's substantive rights are not affected by the co-debtor stay, its right to interest on its loan continues despite the fact that one of the makers has filed for relief under the Bankruptcy Code. *In re Leger*, 6 B.C.D. 1186, 1187, 4 B.R. 718 (Bkrtcy.J.W.D.La.1980); *see also, In re Holmes*, 9 B.R. 454, 4 C.B.C. 2d 259, 262 (Bkrtcy.J.D.D.C.1981); *In re DiDomizio*, 11 B.R. 357, 7 B.C.D. 883 (Bkrtcy.J.D.Conn. 1981). The Bank is entitled to full payment of the claim it has against John and Richard Johnson in accordance with the terms of the installment note; the only effect of John Johnson's filing for Chapter 13 relief is that the Bank is delayed in obtaining payment of the $475.30 which the Debtors propose to pay under their plan.

An appropriate order will be entered.