**In re John Henry AUSTIN, Jr., and Norma Jean Walker Austin, Debtors.**

**Bankruptcy No. 87–01989–BKC–J13.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 5, 1990.

Eileen Voss, St. Louis, Mo., Trustee.

T.J. Mullin, Clayton, Mo., for debtors.

Donna M. Sommars, St. Louis, Mo., for claimant.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the Chapter 13 Trustee's Objection to Claim No. 4 on behalf of Landmark Bank. The proof of claim was filed for the amount of $1,363.70 plus interest at the rate of 18.17% per annum from March 28, 1985, the date

of entry of a non-bankruptcy court judgment in favor of the Claimant. The Trustee has objected to the allowance of post-petition interest on an unsecured claim.

 Generally, a claim for post-petition interest on an unsecured debt is determined to be a claim for unmatured interest and is, therefore, not allowed pursuant to 11 U.S.C. Section 502(b)(2). However, in a Chapter 13 case, the debtor's repayment plan may designated a class or classes of substantially similar unsecured claims. *See,* 11 U.S.C. Section 1322(b)(1) and 11 U.S.C. Section 1122. Furthermore, if an individual is liable with the Debtor for a consumer debt, the entire co-maker debt may be treated differently than other unsecured claims under the Chapter 13 plan. *See,* 11 U.S.C. Section 1322(b)(1).

The Debtors' confirmed plan in this case provides as follows:

... (k) Co–Signed loans or accounts to be paid 100% of claim filed and proven.

The Claimant has argued, and the Debtors have agreed, that it was the Debtors' intention to pay the full amount of the allowed claim through the Chapter 13 plan so as to avoid any collection activity against the co-maker who is not a debtor in a bankruptcy case.

A creditor in a Chapter 13 case may pursue collection activity against a co-maker who is not in bankruptcy, but only for that portion of the creditor's claim which is not paid through the Chapter 13 plan. Section 1301 of Title 11 permits relief from the automatic stay to a creditor which holds such a claim, in order to protect the creditor's rights. *See,* H.R.Rep. No. 595, 95th Cong., 1st Sess. 122 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6083.

It has been determined that pursuant to Section 1301(c)(2), the co-maker is liable to the claimant for the payment of post-petition interest which is not provided for in a debtor's plan. *In re DiDomizio,* 11 B.R. 357 (Bankr.D.Conn., 1981); *In re Henson,* 12 B.R. 82 (Bankr.S.D. Ohio, 1981). Therefore, a creditor's rights may be protected by a Chapter 13 plan which provides for the payment of the allowed claims including that portion for which the co-maker remains liable.

In the case before the Court, the Debtors have announced that their Chapter 13 plan included sufficient payments such that the allowed claim as set out in the confirmed plan, the Debtors indicated that additional payments would be made consistent with Section 1322(c).

Furthermore, Debtors' Counsel is instructed that in future Chapter 13 plans, a debtor's intention to include post-petition interest on co-maker claims to be paid through a plan is to be clearly stated.

IT IS ORDERED that this hearing be concluded; and that the Trustee's Objection to Claim No. 4 is overruled; and that Claim No. 4 on behalf of Landmark Bank is allowed in the amount of $1,363.70 plus interest at the rate of 18.17% *per annum* from March 28, 1985, all to be paid through the Chapter 13 plan as a general unsecured claim.