[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There are two issues in this case:
(1) Whether the bankruptcy of a debtor discharges codebtors such as cosigners, comakers or guarantors, and
(2) Whether an action against a cosigner is stayed during the debtor's bankruptcy proceedings.
Pursuant to 11 U.S.C. § 1301 (a), the action was stayed against the defendant, a comaker of a consumer debt, during the debtor's bankruptcy proceedings. Nevertheless, upon the completion of the debtor's bankruptcy case in March of 1993, the creditor was free to pursue any remaining deficiency from the defendant codebtor including postpetition interest, costs, and attorneys' fees which the contract provided for.[1]
 11 U.S.C.A. § 524(e) (West 1993) provides in relevant part, "discharge of the debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Thus, the discharge of the debtor in bankruptcy does not discharge the liability of codebtors or guarantors. See, e.g., Underhill v. Royal, 769 F.2d 1426, 1432
(9th Cir. 1985) (discharge of debtor has no effect upon liability of third parties); Union Carbide Corp. v. Newboles, 686 F.2d 593,595 (7th Cir. 1982) (discharge of debtor has no effect upon liability or cosigners on note); In re Scranes, Inc., 67 B.R. 985,989 (Bkrtcy. N.D. Ohio. 1986) (confirmed plan which discharges obligations of debtor to his creditors does not also discharge obligation of third-party guarantors to same creditor).
"A debtor's co-debtors, unless they have also filed for CT Page 12920 relief, are not entitled to be protected under the Bankruptcy Code except as specified under section 1301." In re Britts,18 B.R. 203, 206 (Bkrtcy. N.D. Ohio 1982).
11 U.S.C.A. § 1301 (a) (West 1993) provides in relevant part: "[A] creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt . . ."
Notwithstanding, the legislative history of § 1301, the codebtor stay provision, provides: "The creditor is protected to the full amount of his claim, including postpetition interest, costs, and attorneys' fees, if the contract so provides. Thus, if the debtor proposes to pay only $70 of a $100 debt on which there is a cosigner, the creditor must wait to receive the $70 from the debtor under the plan, but may move against the codebtor for the remaining $30 and for any additional interest fees, or costs for which the debtor is liable. The stay does not prevent the creditor from receiving full payment, including any costs and interest, of his claim. It does not affect his substantive rights. It merely requires him to wait along with the other creditors for that portion of the debt that the debtor will repay under the plan." (Emphasis added.) H.R. Rep. No. 95-595, 95th Cong., 1st Sess. (1977) p. 122, U.S. Code Cong. Admin. News 1978, pp. 5787, 6083. The House Report further provides that the protection of the codebtor stay "is limited . . . to ensure that the creditor involved does not lose the benefit of the bargain he made for the cosigner. He is entitled to full compensation, including any interest, fees and costs provided for by the agreement under which the debtor obtained his loan . . . The creditor is delayed, but his substantive rights are not affected." (Emphasis added.) H.R. Rep. No. 95-595, 95th Cong., 1st Sess. (1977) p. 426, U.S. Code Cong. Admin. News 1978, p. 6381.
Based upon this legislative history, courts have held codebtors liable for postpetition interest, costs and attorneys' fees. See, e.g., Timex Federal Credit Union v. Dimomizio, 11 B.R. 357,359 (Bkrtcy. D. Conn. 1981); In re Johnson, 12 B.R. 894, 896
(Bkrtcy. D. Maine 1981).
Thus, "the incidental protection that the stay provides codebtors is not large. In the end, a protected codebtor remains liable for the debtor s default even if the creditor cannot get relief from the stay during the case to pursue her. When the case CT Page 12921 is done (usually at the end of the plan), the creditor can freely pursue any remaining deficiency from the codebtor . . . unless the codebtor herself escapes into bankruptcy." 1 D. Epstein, Bankruptcy (1992) § 3-10, p. 150.
This matter will be scheduled for a hearing on the defendant's motion for modification.
LANGENBACH, J.