**In the Matter of Craig B. CAMPBELL, Debtor.**

**Bankruptcy No. 98–21406.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

July 9, 1999.

Sherwin P. Robin, Savannah, GA, for Plaintiff.

William S. Orange, Brunswick, GA, for Defendant.

*MEMORANDUM AND ORDER ON CONFIRMATION*

LAMAR W. DAVIS, Bankruptcy Judge.

Debtor filed his petition for protection under the Bankruptcy Code on October 28,

1998. First National Bank, doing business as Wachovia Bank Card Services, filed a motion for relief from the co-debtor stay and Debtor subsequently amended his plan to provide for payment of 100% of Wachovia's unsecured claim, including interest, so as to protect the co-debtor. At the hearing on confirmation on April 13, 1999, the Trustee opposed confirmation of Debtor's amended plan and Wachovia appeared in prosecution of its motion for relief, in the event that this Court denied confirmation. This Court took the matter under advisement and has jurisdiction pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b)(2)(L). Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, I enter the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 28, 1998. The Debtor's repayment plan did not anticipate full repayment of unsecured creditors. On January 21, 1999, Wachovia Bank Card Service ("Wachovia") sought relief from the co-debtor stay of 11 U.S.C. § 1301 in order to pursue its remedies against the co-debtor on the credit card account. In its motion for relief, Wachovia listed the debt in the amount of $2,837.25 and noted that the Debtor's repayment plan did not propose to pay the claim in full within 60 months.

Debtor responded to Wachovia's motion by filing a modified Chapter 13 plan on February 5, 1999, which added a provision to pay Wachovia in full and with interest. The repayment plan was submitted to this Court on April 13, 1999 for confirmation. At the confirmation hearing, the Trustee objected to the confirmation because of the plan's provision for payment of post-petition interest on the debt held by Wachovia.

The Trustee asserts that payment of interest on the Wachovia credit card debt is prejudicial to other unsecured creditors. Debtor's attorney argues that 11 U.S.C. § 1301 allows preferential treatment for co-signed debts and permits the plan's treatment of the credit card debt.

## CONCLUSIONS OF LAW

■ Post-petition interest on an unsecured co-signed note is a valid claim under 11 U.S.C. § 101 of the Bankruptcy Code. *Household Finance Corp. v. Hansberry (In re Hansberry)*, 20 B.R. 870, 872 (Bankr.S.D.Ohio 1982). Where a debtor has failed to account for post-petition interest in a Chapter 13 repayment plan and a co-debtor is obligated on the same debt, courts have lifted the automatic stay protecting co-debtors and allowed creditors to seek relief from the co-debtor party. NORTON'S BANKRUPTCY LAW AND PRACTICE 2d, § 118:6, p. 118–34 – 118–35 (1993); *In re Bradley*, 705 F.2d 1409, 1412 (5th Cir. 1983); *In re Johnson*, 12 B.R. 894, 895 (Bankr.Me.1981) (*citing* H.R.Rep. No. 95–595 at 122 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6083). They rely on the Code's legislative history which provides that a "creditor is protected to the full amount of his claim including post-petition interest, costs and attorney's fees, if the contract so provides." *Johnson*, 12 B.R. at 895–896; *see also Bradley*, 705 F.2d at 1412 (allowing creditor to proceed against co-debtors for payment of legal interest on judgment where debtor's repayment plan did not provide for payment of post-petition interest).

■ Although post-petition interest is an element of a creditor's claim under the Code, 11 U.S.C. § 502(b) disallows payment of unmatured interest in ordinary bankruptcies and reorganizations. *In re Oahu Cabinets*, 12 B.R. 160, 163 (Bankr.D.Hawaii 1981). Section 502(b) is not, however, a negation of the substantive rights of creditors. In instances where a debtor is solvent and capable of full repayment of creditors, the rule is excepted and interest is allowed. *Hansberry*, 20 B.R. 870 at 872; *See also* 11 U.S.C. § 726(a)(5). While under Section 502(b), the claim for post-petition interest which the debtor seeks to pay in his plan is subject to

disallowance, it remains part of the creditor's "claim." If this claim is not paid, co-debtor relief is appropriate under 11 U.S.C. § 1301(c)(1). The only way to vindicate the Code's intent to fully protect co-debtors is to allow payment of post-petition interest. Otherwise, the Court must either permit co-debtor relief or stay the creditor action until the end of the case, with interest accruing as an obligation of the co-debtor for as long as five years. The first alternative eviscerates the intent of Section 1301 and the latter would involve an accounting burden to the creditor and a financial burden to the co-maker that it is not clear Congress intended.

█ Section 1322(b)(1) of the Bankruptcy Code makes specific provisions for separately classifying unsecured debt. According to the statute, "the plan may—(1) designate a class or classes of unsecured claims." 11 U.S.C. § 1322(b)(1). The provision further allows different treatment of consumer debt where another individual is liable for such debt with the debtor. 11 U.S.C. § 1322(b)(1). This authorization of "different" treatment for unsecured co-debtor claims is interpreted as a liberalization of the Code's prior prohibition on dissimilar treatment of unsecured claims. NORTON, *supra*, § 121:4. Most courts construe the statutory language as allowing a debtor to repay co-debtor claims at a higher rate. It does not, conversely, authorize a debtor to repay such debts at a lower rate. *In re Dornon* held that the amendment sanctioned "different and favored treatment for a debtor's consumer debts which are co-signed by another individual and constitutes a carve-out to the 'unfair discrimination' standard." *In re Dornon,* 103 B.R. 61, 63–64 (Bankr.N.D.N.Y.1989); *In re Diaz,* 97 B.R. 903, 904–905 (Bankr. S.D.Ohio 1989); *In re Dondero,* 58 B.R. 847, 848–849 (Bankr.D.Or.1986). I hold that this authorization is broad enough to encompass interest on co-debtor obligations.

*ORDER*

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Debtor's plan is confirmed. The Trustee is instructed to pay post-petition interest to Wachovia Bank Card Services.