**In the Matter of Wanza L. BUTLER, Debtor.**

**Bankruptcy No. 99–20647.**

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Nov. 23, 1999.

Marvin L. Pipkin, Darien, GA, for plaintiff.

Andrew Taylor, St. Marys, GA, for defendant.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

At a hearing held on August 4, 1999, Southeastern Bank moved for classification of its claim or relief from stay in this case. Southeastern Bank requests that payment of its claim plus post-petition interest on a loan co-signed by the Debtor and Vandell Redmon, a non-party to the bankruptcy case, be paid by the Trustee prior to or contemporaneously with the secured and priority claims that are allowed in the plan. The Trustee objected, arguing that Southeastern Bank's claim should be paid after secured claims and priority claims, but before general unsecured claims. This Court took the matter under advisement and has jurisdiction pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b)(2)(L). Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, I enter the following Findings of Fact and Conclusions of Law.

In making the determination in this case as to whether the Trustee should be ordered to pay the unsecured co-debtor claim of Southeastern Bank in advance of payments to secured creditors and priority claimants, the Court first deems it necessary to revisit the threshold issue in the case, which may be summarized as follows: may a plan in which a debtor proposes to pay a co-debtor claim in full, including post-petition interest, be confirmed, and conversely, if it cannot be, or if the debtor's plan proposes to pay any less on the claim than the entirety of principal and both pre and post-petition interest, must the Court grant relief from the automatic stay to allow the creditor to seek its remedy for the unpaid portion of the claim against the co-debtor?

I am aware of the decision of my colleague, the Honorable James D. Walker, Jr., in the case of *In re Subrina Y. Alls,* 238 B.R. 914 (Bankr.M.D.Ga.1999), in which Judge Walker held that a debtor may not pay post-petition interest on a co-debtor unsecured claim, and that even if interest on the post-petition claim is not paid, stay relief against the co-debtor will not be lifted for the duration of the case. Because that decision is directly in conflict with a previous decision of mine, *In re Craig B. Campbell,* 1999 WL 1267453, Case No. 98–21406 (Bankr.S.D.Ga. July 6, 1999), I deem it necessary to revisit my holding in *Campbell* to determine whether the decision reached therein is incorrect. Having reviewed that Memorandum and Order and having reviewed the analysis in the *Alls* decision, I reaffirm my previous holding in the *Campbell* case.

## FINDINGS OF FACT

The Debtor, Wanza L. Butler, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 3, 1999. Debtor took out a loan from Southeastern Bank on April 1, 1999. (Doc. 20). Vandell Redmon, Sr., a non-party to this case, endorsed the Debtor's loan to Southeastern Bank. (Doc. 11). This loan contract called for 18 consecutive monthly pay-

ments including interest of $90.22 (Doc. 20).

In the Chapter 13 plan, Debtor proposes to pay the debt due Southeastern Bank in full with any post-petition interest due, in order to protect Vandell Redmon, Sr., the co-signor on the loan. Southeastern Bank argues that it should be paid on this account prior to or contemporaneously with secured and priority claims. The Chapter 13 Trustee objected, arguing that the unsecured loan to Southeastern Bank should not be so classified and instead, should be paid after the plan has paid secured creditors and priority claims, but before general unsecured claims. Southeastern Bank objects to the Trustee's proposed treatment of its claim.

### CONCLUSIONS OF LAW

■ As I stated in the *Campbell* order, it is well established that post-petition interest on an unsecured co-signed note is a valid claim under 11 U.S.C. § 101 of the Bankruptcy Code. *Household Finance Corp. v. Hansberry (In re Hansberry)*, 20 B.R. 870, 872 (Bankr.S.D.Ohio 1982). Where a debtor has failed to account for post-petition interest in a Chapter 13 repayment plan and a co-debtor is obligated on the same debt, courts have lifted the automatic stay protecting co-debtors and allowed creditors to seek relief from the co-debtor party. NORTON'S BANKRUPTCY LAW AND PRACTICE 2D, § 118:6, p. 118–34 – 118–35 (1993); *In re Bradley*, 705 F.2d 1409, 1412 (5th Cir.1983); *In re Johnson*, 12 B.R. 894, 895 (Bankr.Me.1981) (*citing* H.R.Rep. No. 95–595 at 122 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6083). These Courts rely on the Code's legislative history which provides that a "creditor is protected to the full amount of his claim including post-petition interest, costs and attorney's fees, if the contract so provides." *Johnson*, 12 B.R. at 895–896; *see also Bradley*, 705 F.2d at 1412 (allowing creditor to proceed against co-debtors for payment of legal interest on judgment where debtor's repayment plan did not provide for payment of post-petition interest).

■ 11 U.S.C. § 502(b) of the Bankruptcy Code disallows payment of unmatured interest in ordinary bankruptcies and reorganizations. *In re Oahu Cabinets*, 12 B.R. 160, 163 (Bankr.D.Hawaii 1981). However, Section 502 does not serve to negate the substantive rights of creditors. *Hansberry*, 20 B.R. 870 at 872; *see also* 11 U.S.C. § 726(a)(5). While under Section 502(b), the claim for post-petition interest which the debtor seeks to pay in the plan is subject to disallowance in most cases, it remains part of the creditor's "claim." If this claim is not paid in full, co-debtor relief is appropriate under 11 U.S.C. § 1301(c)(1).

It appears that where my *Campbell* opinion diverges from the *Alls* case lies in the differing view that Judge Walker and I have regarding the clarity of the Code provisions coupled with the significance, if any, to accord to the legislative history accompanying the relevant sections. This differing view is illustrated by the language from the *Alls* case wherein Judge Walker held "the legislative history, not the provisions of the Code, have created the dilemma." *Alls*, 238 B.R. at 919. As he stated earlier in his opinion "the difficulty in answering this question arises from the fact that, as a general rule, post-petition interest cannot be paid on an unsecured claim in bankruptcy.... Yet the legislative history to section 1301 states that the creditor is entitled to full compensation, including any interest...." *Id.* at 918.

■ I hold that there is no ambiguity in the Code provisions that are relevant to this issue. Reading Code sections 101, 502, and 1301 together makes it clear that if a creditor's co-debtor claim, including post-petition interest, is not paid by a Chapter 13 debtor then the creditor is entitled to relief from the automatic stay.

11 U.S.C. § 101(5) states:

**"claim"** means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, **unmatured,** disputed, legal, equitable, secured, or unsecured;

(Emphasis added). 11 U.S.C. § 101(5). Section 502 states in relevant part:

(a) A **claim** or interest, proof of which is filed under section 501 of this title, **is deemed allowed,** unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to the claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim ... except to the extent that—

(2) such claim is for **unmatured interest.**

(Emphasis added). 11 U.S.C. § 502(a), (b)(2).

Section 1301 reads in relevant part:

(c) ... [T]he Court shall grant relief from [the co-debtor stay] ... to the extent that—

(2) the plan filed by the debtor proposes not to pay such **claim;**

(Emphasis added). 11 U.S.C. § 1301(c)(2).

Thus, "claim" includes unmatured post-petition interest, and "allowed claim" does not. Section 1301 employs the term "claim." It does not limit its scope to situations where the "allowed claim" is not being paid in full. Thus, as I construe it, what must be paid to avoid granting co-debtor stay relief is the "claim" as defined in Section 101 which includes unmatured, post-petition interest, not the lesser, allowable claim which would exclude unmatured interest. If the protection of Section 1301 is limited to claims for principal and pre-petition interest only, then Section 1301 would simply use the term "allowed claim." Since it uses the broader term "claim," however, a creditor is entitled to relief from the automatic stay if its entire claim, including post-petition interest, is not proposed to be paid by the Chapter 13 debtor.[1]

Admittedly, others may read the provisions of Sections 101, 502, and 1301 and

**1.** It is true, as the *Alls* opinion states and others have, *that as a general proposition,* unmatured post-petition interest is not paid in a bankruptcy proceeding. However, there are exceptions set forth in the Code. For example, 11 U.S.C. § 726(a)(5) states that when a debtor's Chapter 7 bankruptcy estate is solvent, post-petition interest is paid to creditors prior to any money being returned to the debtor. I construe Section 1301 to embody another exception to the general rule.

Courts have had little difficulty in differentiating between "claim" and "allowed clam" in other areas, including dischargeability of post-petition interest on student loans, post-petition interest on tax claims, and in the context of attorney's fees. For example, in discussing the collection of post-petition interest on student loans, the Bankruptcy Appellate Panel for the 9th Circuit stated that because Congress specifically chose to use the term "allowed claims" in specific Code provisions, by not using that term in 1328(a)(2) it did not intend to restrict the exceptions to discharge to "allowed claims." *Great Lakes*

*Higher Education Corp. v. Pardee,* 218 B.R. 916, 921–922 (9th Cir. BAP 1998). Similarly, courts examining § 506(b), which allows interest on secured claims, in conjunction with Section 502, have concluded that it is necessary to examine 11 U.S.C. §§ 101(5) and 502(b) to determine whether a claim may be allowable as an unsecured claim, eventually finding the term "claim" is broad enough to encompass an unliquidated, contingent right to payment even though the triggering contingency does not occur until after the filing of the petition (*Woburn Assoc. v. Kahn (In re Hemingway Transport, Inc.),* 954 F.2d 1, 8 (1st Cir.1992)). *In re Tricca,* 196 B.R. 214 (Bankr.D.Mass.1996).

*See also Winchell v. Town of Wilmington,* 200 B.R. 734 (Bankr.D.Mass.1996) (stating that as the drafters of the Code used the term "allowed claims" where they saw fit and, as Sections 1141(d)(2) and 523(a) do not limit their exceptions from discharge to "allowed claims" only, 502(b)(2) should not be read as a limitation on the exceptions from discharge).

deem them not to be clear in requiring payment of the entire claim, including post-petition interest, in order to prevent stay relief being granted under Section 1301. However, it is surprising that those courts have not, at the very least, concluded that there is ambiguity in the congressional intent evidenced by those three sections. Instead, these courts totally ignore the definition of "claim" in Section 101 in favor of utilization of "allowed claim," reading in the requirement that a claim be "allowed" under Section 502 into the term "claim" as expressed in 1301.

■ Therefore, as an alternative rationale for my holding, I find that, at the very least, if the statutory analysis I have adopted is not vindicated by the plain meaning of the statute, then the ambiguity—whether Section 101 or 502 should be employed in applying the provisions of 1301—should be resolved by examining the legislative history of Section 1301. It provides that the creditor should recover "full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan." H.R.REP. NO. 95–595, at 426 (1977), *reprinted in* 1978 U.S.C.C.A.N. 6381. In full the legislative history states:

> If the debtor proposes not to pay a portion of the debt under his Chapter 13 individual repayment plan, then the stay is lifted to that extent. The creditor is protected to the full amount of his claim, including postpetition interest, costs and attorney's fees, if the contract so provides. Thus if the debtor proposes to pay only $70 of a $100 debt on which there is a cosignor, the creditor must

wait to receive the $70 from the debtor under the plan but may move against the co-debtor for the remaining $30 and for any additional interest, fees, or costs for which the debtor is liable. The stay does not prevent the creditor from receiving full payment, including any costs and interest, of his claim. It does not affect his substantive rights. It merely requires him to wait along with all other creditors for that portion of the debt that the debtor will repay under the plan.

H.R.REP. No. 95–595, at 122 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6083. This language has been extensively quoted in virtually every decision on this point and if accepted as relevant, it clearly states that the policy of the section is to insure (1) that the creditor holding a co-debtor claim does not lose the benefit of its bargain; (2) that the creditor's rights are not substantively affected; (3) that the automatic stay is to be lifted to the extent that a Chapter 13 plan does not pay any portion of the debt owed to that creditor; and (4) that the holder of the claim against the co-debtor has the right to receive full payment, including costs and post-petition interest. The co-debtor stay "does not affect his substantive rights. It merely requires him to wait along with all other creditors *for that portion of the debt that the debtor will repay under the plan.*" H.R.REP. No. 95–595, at 122 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6083. Finally, to the extent that it is relevant, it appears that a majority of courts cited in *Alls* which have opined on this subject, in fact, lean toward the interpretation I have adopted.[2] In order to

2. *In re Harris,* 16 B.R. 371 (Bankr.E.D.Tenn. 1982) (agreeing with a series of cases holding that relief from the automatic stay should be granted if the debtor does not propose to pay the full amount of the claim, including postpetition interest but denying relief because the debtor in the case proposed to pay 100% of the claim, including post-petition interest); *International Harvester Employee Credit Union, Inc. v. Daniel,* 13 B.R. 555 (Bankr. S.D.Ohio 1981) (stating that the creditor is

entitled to stay relief to collect any additional interest or costs for which the debtor is liable and not paying from a co-debtor); *International Harvester Employee Credit Union v. Grigsby,* 13 B.R. 409 (Bankr.S.D.Ohio 1981) (citing legislative history and stating that the court is to grant relief to the extent that the debtor does not pay the creditor in full, including interest but holding that stay would neither be modified or lifted, giving debtor time to modify the plan to include full pay-

avoid co-debtor relief a debtor must pay post-petition interest on co-debtor claims. If a debtor proposes payment in full, such separate classification is justified because of the preferred status Congress afforded to co-debtor claims. 11 U.S.C. § 1322(b)(1).

Having reaffirmed my holding that a debtor must pay post petition interest to avoid co-debtor stay relief, two competing positions have emerged as to the timing of the post-petition interest payments. The Trustee asserts that co-debtor claims should be paid after secured and priority claims but before general unsecured claims. Southeastern Bank asserts that the payments of co-debtor claims should be made before or contemporaneously with secured and priority claims.

While the text and legislative history of Section 1301 contemplate the payment of post-petition interest, they do not directly address the timing of such payment except that to acknowledge that, while the co-debtor stay does not affect the co-debtor's substantive rights, it "requires him to *wait* along with all other creditors for that portion of the debt that the debtor would repay under the plan." H.R.REP. No. 95–595, at 122 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6083.

■ Section 1326 governing plan payments provides no direct guidance, except to require the trustee to make payments "in accordance with" the confirmed plan. 11 U.S.C. § 1326(a)(2). Outside of Chapter 13, the only provision of the Bankruptcy Code that specifically addresses the order for payment of claims is Section 726, found in the liquidation chapter. In the absence of direct guidance in Chapter 13 as to the timing of payments, that section is useful by analogy because to be confirmed a Chapter 13 plan must meet the hypothetical liquidation test found in Section 1325(a)(4). To meet that test I hold that claims which must be paid first in a Chapter 7 must also be paid first in Chapter 13. Otherwise, creditors in a lower distribution class will be paid to the exclusion of creditors in a higher class anytime a Chapter 13 case is dismissed during the three to five year duration of plan payments. A plan which proposes to alter the Section 726 sequence of distribution thus, prospectively, will fail to satisfy Section 1325(a)(4).

Distribution under Section 726 comes only *after* the trustee has disposed of property on which a lien exists. 11 U.S.C. § 725. Therefore, in Chapter 7, a trustee must first protect liens by payment, or

ment of the claim); *Mid Maine Mutual Savings Bank v. Johnson*, 12 B.R. 894 (Bankr. D.Me.1981) (interest that has yet to be earned on a loan is recoverable by stay relief as against the co-debtor); *West Beneficial Finance, Inc. v. Henson*, 12 B.R. 82 (Bankr. S.D.Ohio 1981) (holding that co-debtor relief should be granted to collect accruing, unpaid interest); *Timex Federal Credit Union v. Di-Domizio*, 11 B.R. 357 (Bankr.D.Conn.1981) (holding that the automatic stay would be modified so that a credit union could seek payment of post-petition interest from the co-debtor); *Citizens and Southern National Bank v. Rebuelta*, 27 B.R. 137 (Bankr.N.D.Ga.1983) (holding that relief from the co-debtor stay is mandated to the extent that the Chapter 13 plan does not propose to pay the claim in full). *See also Harris v. Fort Oglethorpe State Bank*, 721 F.2d 1052 (6th Cir.1983) (holding that a bank's claim of irreparable harm through delay of post-petition interest payments was insufficient to lift the automatic

stay under the provisions of section 1301 as the debtor proposed to pay 100% of the plan, including post-petition interest); *In re Austin*, 110 B.R. 430 (Bankr.E.D.Mo.1990) (stating that through section 1301(c)(2), a co-maker is liable to the claimant for the payment of post-petition interest which is not provided for in a debtor's plan).

*Contra In re Saunders*, 130 B.R. 208 (Bankr. W.D.Va.1991), *In re Janssen*, 220 B.R. 639 (Bankr.N.D.Iowa 1998). *Saunders* disagreed with the post-petition interest liability of a co-maker espoused by some courts and refused the co-signer's obligation for attorney's fees, relying on Section 506(b). The opinion did not, however, analyze the interplay of Section 101's definition of the word "claim" and focused entirely on Section 502(b)(2) allowability issues. *Janssen* likewise holds that "claim" does not normally include post-petition interest, ignoring Section 101 and relying on Sections 502 and 506.

abandonment, or by furnishing adequate protection. *See* §§ 725, 361, and 363(e). Then the residual estate must be distributed to unsecured priority claims, Section 726(a)(1); allowed general unsecured claims, Section 726(a)(2); and interest on those claims entitled to receive it, Section 726(a)(5). In this case, since the plan provides that general unsecured creditors will receive only a percentage of their allowed claims in full satisfaction of those claims, no interest is payable to them. However, because the claim of Southeastern Bank is separately classified to receive payment in full, with interest, the interest element of its claim is payable under Section 726(a)(5).

Section 726(a)(5) provides that payment of post-petition interest should be made after payment of all other claims, including unsecured claims both timely and tardily filed in a Chapter 7 case. I hold that the Chapter 13 Trustee may pay claims for post-petition interest only after secured claims, priority claims, and the principal amount of distributions on allowed unsecured claims. After the principal of all such claims is paid whether in full or pro-rata, the trustee shall pay the accrued interest on co-debtor claims. Mere delay of payment of interest under the co-debtor stay does not constitute irreparable harm which would justify the lifting of the stay. *In re Harris,* 16 B.R. 371 at 378. The lender must wait for full payment under the plan along with other creditors.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that post-petition interest on co-debtor claims be paid after secured claims, priority claims, and the principal amount of allowed general unsecured claims.